IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NOS. 94-30584 and 95-30063
Summary Calendar
_____

CLIFFORD RICE,                                    Plaintiff-Appellant,

versus

ASBESTOS WORKERS PENSION AND
ANNUITY FUND LOCAL 53,                            Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(CA 93 2273)
_____

(August 9, 1995)

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

This appeal arises from the district court's granting of
Defendant-Appellee's motion for summary judgment on disability
benefits claims under the Employee Retirement Income Security Act
("ERISA"), 29 U.S.C. § 1001 *et seq.*  We affirm.

I.

Plaintiff-Appellant Clifford Rice ("Rice") participated in the

Asbestos Workers Pension and Annuity Fund Local 53 ("the Plan"),

_____

[*] Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

which provides disability benefits based on either the Trustees' own determination of eligibility or on the basis of a Social Security Administration determination of disability. On June 18, 1982, Rice was injured at work, from which he eventually became disabled. The Plan determined that Rice was not eligible for disability benefits because 10 service credits were required to receive a disability benefit and he had only 9.6 service credits. Rice was nevertheless eligible for a welfare benefit through the Union's health and welfare plan. Although Rice believed that his service credits were incorrectly reported and that he was entitled to disability, he did not contest the Plan's decision or dispute its record of his service credits.

In 1986 the Trustees amended the Plan, lowering the required years of service to provide a special disability benefit for Rice. Rice again applied for disability benefits. The Plan approved the benefit, but offset the payments for a term of forty-nine months against a worker's compensation settlement Rice received. Rice appealed the Trustee's decision, which was denied.

Rice filed another claim for disability benefits on November 24, 1992. He amended this claim to include for the first time a claim that his service credits had been miscalculated. Rice provided documentation in the form of paycheck stubs from the year 1967 which indicated that he earned one year of service credits that year rather than the 0.2 as originally calculated. The Trustees immediately increased Rice's monthly benefits prospectively to reflect the additional 0.8 year of service credit

and voted to reimburse Rice the amount that had been deducted based on the worker's compensation offset. Rice was issued a check for $26,666.66 representing a gross payment of $33,333.33, less $6,666.67 for taxes. The Trustees later determined that the amount owed Rice was in fact $13,645.92. Due to the miscalculation, the Plan overpaid Rice by $19,687.41.

The Trustees denied Rice's request for a recalculation of his benefits from 1986 (the start of payments) until 1993 because the request was time-barred. The Trustees also denied his request for a disability commencement date of June 18, 1982, for the same reason.

Rice filed suit against the Plan asserting two claims. He first argued that he was entitled to disability payments from July 1, 1982 (the first month after his alleged disability on June 18, 1982), rather than the May 1, 1986, starting date determined by the Plan. He also argued that his disability payments should be increased to reflect the additional 0.8 years service credit from July 1, 1982, to the present. The Plan filed a counterclaim to recover the overpayment.

Rice moved for summary judgment on his claim for reimbursement of benefits in a corrected amount from a starting date of July 1982, and for interest and attorney's fees. The Plan moved for summary judgment in its favor on Rice's claim for retroactive benefits and on the Plan's counterclaim for restitution. The district court granted the Plan's motion for summary judgment in part and denied it in part, disposing of Rice's claims.

3

The district court then granted the Plan's counterclaim for $19,687.41 in restitution for its earlier overpayment. However, the court rejected the Plan's argument that Rice's claim for retroactive benefits was time-barred under Louisiana law, and remanded the matter to the Plan for a determination of Rice's benefits. The court refused to award prejudgment interest because the Plan provided that no interest would be paid if the Plan's failure to pay timely was due to the failure of the employee to file the necessary proof. The court also refused to award attorney's fees because the Plan had acted in good faith and the cause of the delay was not traceable to the Plan.

Rice filed a Rule 59 motion requesting that the district court (1) clarify when the benefit award should begin and how it should be calculated or, alternatively, determine the amount due Rice; (2) reconsider its denial of prejudgment interest and attorney's fees; and (3) order the Plan to mail all Plan checks, made payable to Rice and his counsel jointly, to counsel's office. Finding no basis on which to review its decision, the court denied Rice's motion. Rice appealed the court's denial of his Rule 59 motion. Thereafter, he filed a Rule 60(b) motion, challenging the Plan's determination of the date of Rice's disability made on remand from the district court and seeking a determination by the court of the amount due Rice, which was denied because Rice failed to elaborate on any circumstance which would warrant relief. Rice appealed the court's denial of his Rule 60(b) motion, which was subsequently consolidated with his first appeal.

## II.

Rice contends that he must be awarded prejudgment interest to be made whole.  We review the district court's decisions on awards of prejudgment legal interest for abuse of discretion.  *Whitfield v. Lindemann*, 853 F.2d 1298, 1306 (5th Cir. 1988), *cert. denied*, 490 U.S. 1089, 109 S.Ct. 2428, 104 L.Ed.2d 986 (1989). "[P]rejudgment interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness.  It is denied when its exaction would be inequitable."  *Coxson v. Commonwealth Mortgage Co.*, 43 F.3d 189, 192 (5th Cir. 1995) (citing *Blau v. Lehman*, 368 U.S. 403, 414, 82 S.Ct. 451, 7 L.Ed.2d 403 (1962)).

The district court based its denial of interest on Section 12.13 of the Plan, which provides that an employee's failure to file requested information or proof does not forfeit the right to a benefit, but does excuse postponement of the time of payment; further, no interest shall be paid on a Pension Benefit when the time of payment has been so postponed.  Rice failed to review his paycheck stubs in a timely manner as requested by the Plan.  Given that he had proof that he was entitled to disability payments from 1967, to a great extent he is himself responsible for the delay; exacting interest from the Plan under such circumstances would be inequitable.  Accordingly, we find that the district court did not abuse its discretion in denying interest on the retroactive payments.

5

III.

Rice next appeals the district court's denial of attorney's fees. We review the district court's denial of attorney's fees under ERISA § 502, 29 U.S.C. § 1132(g)(1), for abuse of discretion. *Izarelli v. Rexene Products Co.*, 24 F.3d 1506, 1525 (5th Cir. 1994). We apply the five factors set forth in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980) to determine:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merit of the parties' positions.

*Bowen*, 624 F.2d at 1266.

We find that the majority of the *Bowen* factors supports the district court's decision: (1) evidence demonstrates that the Plan acted in good faith, going so far as to establish a special disability benefit for Rice when it was thought he did not have sufficient credits to qualify for the regular disability benefit; (2) the Plan does have assets and could pay an award; (3) no deterrent effect would be served since the Plan acted in good faith; (4) Rice's case dealt only with circumstances peculiar to him; (5) the Plan's denial of past benefits was colorably based on the statute of limitations issue. Accordingly, we find no abuse of discretion in the denial of attorney's fees by the district court.

IV.

Rice challenges the district court's order of restitution for

6

the Plan's overpayment of benefits, arguing that there is no evidence of any overpayment. Rice missed forty-nine months of payments totalling only $13,645.92, yet he was paid $33,333.33. Although Rice contends the extra $19,687.41 was no mistake, he offers no explanation why he was entitled to it.

It is clear from the record that the $33,333.33 payment was an oversight that stemmed from a misapplication of the calculations used to determine the worker's compensation offset. Rice's disability benefit was to have been $269.22 per month from May 1, 1986 to January 1, 1998, and thereafter $284.88 per month. Rice received a lump sum worker's compensation settlement of $50,000. The Trustees allocated a third of that amount to future medical payments. Assuming the remaining $33,333.33 were invested, the Plan determined that it would provide a term certain annuity equal to $183 per week, or approximately $732 per month, for forty-nine months. As that amount clearly far exceeded the disability benefit Rice was entitled to under the Plan, the Plan benefit was completely offset for forty-nine months. On the fiftieth month, Rice received his regular monthly benefit. Thus, the Plan had withheld from Rice only $13,645.92, not the $33,333.33 he was given.

Rice next argues that, even if there was an overpayment, he should not have to return more than the net amount he received after taxes and other costs ($13,333.33). Citing *Jamail, Inc. v. Carpenters District Council of Houston Pension and Welfare Trusts*, 954 F.2d 299, 306 (5th Cir. 1992), in which the Court permitted

7

administrative costs to be deducted from the restitution amount, Rice contends that the district court should have deducted the associated costs and expenses he incurred in collecting the payment from the Plan. However, Rice has failed to prove the amount or purpose of any costs or expenses he may have incurred. Given the absence of any proof of expenses incurred, the district court did not err in ordering restitution in the full amount of the overpayment.

V.

Rice's Rule 59 motion requested that the district court clarify its judgment, thereby altering or amending the judgment, by recognizing a July 1982 starting date and recalculating his benefits. Rice contends that the district court should have made the recalculations of his disability benefits without remanding to the Plan. We review the district court's denial of Rice's Rule 59(e) motion to "alter or amend" a judgment under an abuse of discretion standard. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

At the time of the district court's judgment, the Plan had not made a ruling on the date at which Rice became disabled because Rice's claim had been denied on timeliness grounds. The terms of the Plan clearly give the Trustees the authority and discretion to make benefits eligibility determinations. Because the Plan had not yet ruled on the date of Rice's disability, it was appropriate for the district court to remand to allow the Plan to make those determinations in the first instance. Accordingly, no abuse of

8

discretion arose in the decision to deny Rice's Rule 59 requests.

Additionally, Rice also asked in his Rule 59 motion for the district court to order that all checks arising from this claim be made payable him and his counsel jointly and mailed to counsel's office. The court's denial of that motion is reviewed for abuse of discretion. *Simon*, 891 F.2d at 1159.

Rice failed to raise the issue prior to the Rule 59 motion. We have cited with approval the Seventh Circuit's statement that "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise new arguments which could, and should, have been made before the judgment issued." *Simon*, 891 F.2d at 1159 (citing *Federal Deposit Insurance Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). Furthermore, Rice cites no authority for the proposition that his payment or fee arrangement with counsel is binding on the Plan, which is not a party to that agreement. Therefore, we find no abuse of discretion in the district court's denial of Rice's Rule 59 motion.

VI.

Finally, as to the Rule 60(b) motion, Rice contends that the district court should have reviewed the calculations the Plan made on remand, without the necessity of filing another lawsuit. This same issue, involving the same Plan, was before this Court in *Sellars v. Asbestos Workers Local 53 Pension and Annuity Fund*, No. 94-30438 (5th Cir. May 30, 1995) (unpublished). In that case, we

held that the district court's denial of the Rule 60(b) motion asking the court to review the postjudgment actions of the Plan was not an abuse of discretion.  We noted with approval the district court's statement that the plaintiff could not challenge the recalculations without filing a new action.  As *Sellars* illustrates, the district court properly denied the Rule 60(b) motion.

## VII.

For the reasons articulated above, the judgment of the district court is AFFIRMED.

10